## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| EVAN SZARF, § | | |
| TDCJ No. 02402674 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | A-24-CV-01059-RP | |
| § | | |
| FNU SPARKS, JAKE SULLIVAN, § | | |
| and the WASHINGTON COUNTY § | | |
| DISTRICT ATTORNEY'S OFFICE, § | | |
| Defendants. § | | |

### ORDER

Before the Court are Plaintiff Evan Szarf's pro se complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and Defendants' Motions to Dismiss (ECF Nos. 10-11). Plaintiff is proceeding in forma pauperis. Upon review of the parties' pleadings, the Court grants Defendants' motions to dismiss and dismisses Plaintiff's complaint.

### I. Background

Plaintiff is currently confined to the Stringfellow Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID). In his complaint Plaintiff names the following defendants: Deputy Sparks of the Somerville Police Department; Jake Sullivan, Chief of Police of the Somerville Police Department, and the Washington County District Attorney's Office. Plaintiff alleges that, on May 18, 2022, his pickup truck was stolen by his ex-girlfriend at a gas station in Somerville, Texas. Hours later, his girlfriend returned to the gas station and they fought over the keys to the truck. Plaintiff alleges he was then arrested without probable cause by Defendants Sparks and Sullivan for assault. While he was detained in the back of a police car, Sparks and Sullivan conspired with the Washington County District Attorney's Office to falsely imprison and maliciously prosecute Plaintiff. He alleges Sparks and Sullivan found

1

methamphetamines in Plaintiff's ex-girlfriend's purse but said they were in Plaintiff's possession. Plaintiff was brought to Burleson County Jail where he stayed for 75 days, resulting in the loss of his truck and tools. At Plaintiff's June 28, 2022 trial, Plaintiff alleges none of Defendant Sparks's testimony was true. Plaintiff further alleges the only reason Defendants Sparks and Sullivan arrested him on May 18, 2022, was to strengthen their case against him at the June 28 trial, and that the May 18 assault charges were dropped on August 1, 2022. Plaintiff seeks compensatory, punitive, and nominal damages. (ECF No. 1.)

In a note attached to Plaintiff's complaint, dated August 29, 2024, he states that extraordinary circumstances prevented him from filing his complaint by August 1, 2024, which he believes was the statutory deadline for his claims. He states he has been trying to access the law library since June and then, on July 8, 2024, Hurricane Beryl hit the Stringfellow Unit and he was without power until July 18, 2024. He was then transferred to a new unit, Garza East, and his personal property was lost during the transfer and he had a difficult time accessing the law library. Since July 18, he has only had three hours in the law library. (ECF No. 1-2.)

In Defendants Sparks and Sullivan's Motion to Dismiss, they argue that Plaintiff's claims fail pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are time-barred; alternatively, they argue they are entitled to qualified immunity. (ECF No. 10.) Defendant Washington County District Attorney's Office also argues Plaintiff's claims are time-barred, and alternatively, that it is not an entity capable of being sued. (ECF No. 11.) Both Plaintiff and Defendants have filed additional replies regarding the applicability of the statute of limitations. (ECF Nos. 14-15, 17.)

## II. Applicable Law

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations do not point to more than "the mere possibility of misconduct" the complaint fails to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 679.

The Court construes a pro se plaintiff's allegations liberally, holding the plaintiff to "less stringent pleading standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a plaintiff's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III. Analysis

1. Non-suable Entity

Plaintiff names the Washington County District Attorney's Office, claiming it entered into a civil conspiracy with Defendants Sparks and Sullivan to falsely imprison and maliciously prosecute Plaintiff. However, Plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. As a result, the Washington County District Attorney's Office is not a jural entity that may be sued. *See Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity); *see also Jones v. Heuer*, No. 24-50348, 2024 WL 4481852, at *3 (5th Cir. 2024) (affirming dismissal of Jefferson County District Attorney's Office as "not a legal entity capable of suing or being sued.") Accordingly, Plaintiff's claims against Defendant Washington County District Attorney's Office are dismissed for lack of subject-matter jurisdiction.

2. Statute of Limitations

Plaintiff raises the same claims against Defendants Sparks and Sullivan: civil conspiracy, false arrest, false imprisonment, and malicious prosecution. Defendants argue these claims are time-barred because Plaintiff filed them outside the two-year limitations period. Defendants are correct.

The statute of limitations for a § 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, that is two

years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994). Federal law determines when a § 1983 cause of action accrues for purposes of the statute of limitations. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, a cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Two of Plaintiff's claims—false arrest and false imprisonment—accrued on May 18, 2022, the night he alleges he was falsely arrested and imprisoned for assaulting his ex-girlfriend. Plaintiff therefore had until May 20, 2024,[1] to file a lawsuit on these claims; however, his complaint was not executed until August 29, 2024,[2] which is 101 days past the limitations period. Plaintiff provides no excuse for the lateness of these claims. As a result, they are dismissed as time-barred.

Plaintiff's final two claims—civil conspiracy and malicious prosecution—accrued on August 1, 2024, when he alleges the assault charge against him was dropped. *See McDonough v. Smith*, 588 U.S. 109, 116 (2019) (citations omitted) (malicious prosecution claim accrues "only once the underlying criminal proceedings have resolved in the plaintiff's favor."). Again, based on Texas's two-year limitations period for personal injury claims, the limitations period ran until August 1, 2024. However, Plaintiff did not file his federal complaint until August 29, 2024, which is 28 days past the limitations period.

Plaintiff requests the Court grant him equitable tolling, claiming Hurricane Beryl caused his TDCJ-CID unit to lose power from July 8, 2024, until July 18, 2024, at which point he was

---

[1] May 18, 2024, falls on a Saturday. Accordingly, Plaintiff had until May 20, 2024, to file his federal complaint raising these claims. Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a period falls on Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).
[2] Although Plaintiff's complaint is signed July 31, 2024, he attached a note to it dated August 29, 2024. As a result, the Court construes his complaint as being executed on August 29, 2024.

transferred to a different unit and all his personal property was lost for a month. He also alleges he has been unable to access a law library for more than three hours total. (ECF No. 1-2.) Defendants argue that Plaintiff has not met his burden to show an entitlement to equitable tolling. The Court agrees with Defendants.

"When a federal cause of action borrows a state statute of limitations, 'coordinate tolling rules' are usually borrowed as well." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)) The Fifth Circuit has recognized state equitable tolling principles for § 1983 claims. *Id.* (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998)).

Under Texas state law, plaintiffs filing personal injury claims may seek equitable tolling in cases where the plaintiff (1) sued the wrong defendant, (2) "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time", (3) "actively pursued his judicial remedies but filed a defective pleading during the statutory period", or (4) "was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL 4365081, at *2 (Tex. Ct. App.--Austin, Aug. 27, 2014) (citations omitted). None of these scenarios are present in Plaintiff's case. Although Plaintiff alleges he had limited access to a law library, he did not cite any case or statutory law in his complaint. Further, he fails to cite any state law principles that would support his entitlement to equitable tolling. Plaintiff does point the Court to federal case law regarding equitable tolling; however, state law, not federal law, determines what principles of equitable tolling apply. As a result, Plaintiff's claims against Defendants Sparks and Sullivan are time-barred.

It is hereby **ORDERED** that Defendant Washington County District Attorney's Office Motion to Dismiss (ECF No. 11) is **GRANTED** and Plaintiff's claims against this defendant are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

It is further **ORDERED** that Defendants Sparks and Sullivan's Motion to Dismiss (ECF No. 10) is **GRANTED** and Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE** as time-barred.

**SIGNED** this 25th day of March, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE